In the Matter of the Petition of MARSHALL O. ROBERTS to Vacate an Assessment for the Eighty-first Street Sewer, from Ninth Avenue to and Through Eighth Avenue, Confirmed April 27, 1871.

*Proceeding to vacate an assessment — dismissed because of delay in prosecuting it — it abates on the death of the petitioner.*

Upon an appeal from an order denying a motion to revive, in the name of the executors of the deceased petitioner, a proceeding brought to vacate an assessment, it appeared that the petition to vacate was made in the early part of the year 1872, and that, no active proceedings were thereafter taken for its prosecution.

On or about the 11th day of September, 1880, the petitioner died, leaving a last will and testament whereby he appointed, as the executors of his estate the applicants, who qualified as such in the month of October, 1880. No action was taken thereafter to revive the proceeding until the latter part of February, 1888.

*Held,* that this delay, both in the prosecution of the proceeding by the testator himself and in the making of the application on the part of his executors, being wholly unexcused, was sufficient, under the rules applicable to proceedings in courts of justice, to make it the duty of the court to deny the application.

That this was a special proceeding, and under the rule which was applied in *Leavy* v. *Gardner* (63 N. Y., 624) entirely abated with the decease of the testator, the petitioner.

*In the Matter of Courtlandt Palmer* (43 Hun, 572) followed; *People ex rel. Fairchild* v. *Department Fire, etc.* (105 N. Y., 674) distinguished.

Appeal by the above-named petitioner and Susan Lawrence Roberts and John F. Patterson, as executors, from an order made at a Special Term, held in the county of New York, which was entered in the office cf the clerk of the county of New York on January 28, 1889, denying a motion to revive this proceeding in the name of the executors of the deceased petitioner.

*P. A. Hargous,* for the petitioners, appellants.

*G. L. Sterling,* for the respondent.

Daniels, J.:

The petition of the testator to vacate the assessment was made in the early part of the year 1872, but no active proceeding appears to have been afterwards taken for its prosecution. On or about the 11th of September, 1880, the petitioner departed this life, leaving a

last will whereby he appointed the applicants the executors of his estate. They qualified as such in the month of October, 1880, and no action whatever was taken afterwards to revive the proceeding until the latter part of February, 1888, when a notice of motion to revive was given. This delay, both in the prosecution of the proceeding by the testator himself, and in the making of the application on the part of his executors, has been wholly unexcused, and it is sufficient, under the rules applied to proceedings in courts of justice, to make it the duty of the court to deny the application, as that was done by the order from which the appeal has been brought. Beyond that this was a special proceeding, and under the rule which was applied in *Leavy* v. *Gardner* (63 N. Y., 624), it entirely abated with the decease of the testator. And that view was taken of a similar proceeding by this court in the case of Courtlandt Palmer, (decided in March, 1887, and reported in 43 Hun, 572). The case of *The People ex rel. Fairchild* v. *Department of Fire, etc.* (105 N. Y., 674), has been brought to the attention of the court as substantially overruling these preceding authorities. But no intimation was given in the opinion that that was intended or understood to be the effect of the decision, and the facts upon which it was made were very substantially different than those now presented to the court. For the proceeding which was by *certiorari* had matured into a judgment. It had been heard and finally determined by the court, and for that reason did not and could not abate by the death of the relator, while in the present instance all that was done was to present the petition, and when the petitioner died, then, under the authority of these preceding cases, the proceeding abated.

The court, therefore, was right in denying the application made to revive the proceeding, and the order should be affirmed, with ten dollars costs and also the disbursements.

Van Brunt, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.